# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| BRUCE MITCHELL NICHOLSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:18-cv-01128-AKK-HNJ |
| ADAM HARRISON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On June 14, 2021, the Magistrate Judge entered a report recommending the court grant the defendants' motions for summary judgment and dismiss the plaintiff's claims with prejudice. Doc. 57. The plaintiff has filed objections to the report and recommendation, doc. 62, along with motions to submit additional evidence, doc. 63, for production of documents, doc. 64, and for reconsideration of the Magistrate Judge's order denying appointment of counsel, doc. 65. The court will address the plaintiff's motions before turning to his objections.

First, the plaintiff moves to submit medical records in support of his claims that the defendants were deliberately indifferent to his serious medical needs. Doc. 63. However, the Magistrate Judge notified the plaintiff that his objections should not present additional evidence. Doc. 57 at 42. Moreover, the medical records are dated 2019 and 2020, doc. 63 at 2–11, and the plaintiff does not explain why he did

not move for leave to submit these documents earlier. Accordingly, the court **DENIES** the plaintiff's belated motion to submit additional evidence.

Second, the plaintiff moves for production of documents from the defendants. Doc. 64. The court notified the plaintiff in the Order for Special Report that to request leave of court to conduct additional discovery, the moving party must file a motion specifically identifying the nature of the discovery sought and the reason the initial disclosures were inadequate. Doc. 24 at 6. The court further advised the plaintiff that any request for leave to conduct additional discovery must be filed within 30 days from the certificate of service on the Special Report. *Id.* at 6–7. On September 3, 2019, defendants Gentry and Lee filed a Special Report supplemented by affidavits and institutional documents. Doc. 41. On November 25, 2019, defendants Harrison and Shedd filed a Special Report accompanied by declarations and medical documents. Doc. 50.[1] The plaintiff has not shown why the initial disclosures submitted in the defendants' Special Reports are inadequate to provide the information sought by additional discovery. Moreover, the plaintiff's motion for production of documents is untimely since he filed it more than 30 days from the certificate of service on the defendants' Special Reports. Thus, the plaintiff's motion for leave for production of documents is **DENIED**.

---

[1] The defendants certified that their respective Special Reports were served on the plaintiff on the same day by U.S. Mail. Doc. 41 at 16; Doc. 50 at 38.

Third, the plaintiff moves for reconsideration of the Magistrate Judge's order denying his motion for appointment of counsel. Doc. 65. As the Magistrate Judge noted, the plaintiff has no constitutional right to appointment of counsel, which is a privilege justified only by exceptional circumstances, such as novel or complex litigation. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Contrary to the plaintiff's assertions, his claims are neither novel nor complex. While the plaintiff contends he possesses only a ninth-grade education, doc. 65 at 5, he has been able to submit pleadings and motions and has complied with this court's orders throughout this litigation. Accordingly, the plaintiff's motion for reconsideration of the Magistrate Judge's order denying appointment of counsel is **DENIED**.

The court now turns to the plaintiff's objections to the Magistrate Judge's report and recommendation. Doc. 62. The plaintiff's objections largely consist of his assertions that defendants Harrison and Shedd were deliberately indifferent to his serious medical needs during his incarceration at the Cullman County Jail. *Id.* at 1–19. Viewed in the light most favorable to the plaintiff, the evidence demonstrates the opposite. Specifically, the record evidence shows that Harrison, Shedd, and other medical staff routinely examined the plaintiff, created treatment plans, prescribed him certain medications, and referred him to an outside specialist. Doc. 49-3. Indeed, the medical treatment provided to the plaintiff was not "so

grossly incompetent, inadequate, or excessive as to shock the conscience." *See Adams v. Poag*, 61 F.3d 1537, 1544 (11th Cir. 1995) (quotation marks and citation omitted). The plaintiff simply disagrees with the course of treatment recommended by the defendants and preferred his family physician's protocols for his medical conditions. But, a mere difference between an inmate and the institution's medical staff, or a difference between medical professionals, as to treatment and diagnosis alone does not give rise to an Eighth Amendment violation. *See Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Bismark v. Fisher*, 213 F. App'x 892, 897 (11th Cir. 2007) ("Nothing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference.") (quoting *Waldrop v. Evans*, 871 F.2d 103, 1033 (11th Cir. 1989). Even if there is more than a mere difference of opinion, and a medical provider at a prison or jail commits medical malpractice, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Here, the evidence establishes that Harrison and Shedd provided the plaintiff more than "minimally adequate" treatment and his objections on these grounds are **OVERRULED**.

Next, the plaintiff reasserts that defendants Gentry and Lee implemented a policy of prohibiting medical staff from prescribing narcotics to inmates. Doc. 62 at 13. Even accepting as true that the jail maintained a no-narcotics policy, defendant Harrison concluded that the plaintiff's back pain did not warrant narcotic pain medication and over the counter NSAIDs sufficed. Doc. 49-1, Harrison Decl., at 4-5. Thus, defendants Gentry and Lee's establishment of the no-narcotics policy did not result in deliberate indifference to the plaintiff's serious medical needs. Therefore, the plaintiff's objections are **OVERRULED**.[2]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court **ADOPTS** the Magistrate Judge's report and **ACCEPTS** his recommendation. Accordingly, the court **ORDERS** that the defendants' motions for summary judgment are **GRANTED**, the court finding no genuine issues of material fact exist.

The court will enter a separate Final Judgment.

**DONE** the 1st day of September, 2021.

                                            **ABDUL K. KALLON**
                                      UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff also objects to the Magistrate Judge's finding that his First Amendment retaliation claims warrant dismissal. Doc. 62 at 20. However, the plaintiff fails to identify the specific basis for his objection and does not address the Magistrate Judge's conclusion that the plaintiff's mere suspicion that Gentry and Lee transferred him in retaliation for his complaints do not establish that these defendants engaged in a retaliatory act.